914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner/Respondent,
v.
ADAIR STANDISH CORPORATION, Respondent/Petitioner.
 No. 89-5045.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1990.
 
 Before RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges; and GEORGE CLINTON EDWARDS, Jr., Senior Circuit Judge.
 
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, Adair Standish Corporation, Standish, Michigan, its officers, agents, successors, and assigns, on July 29, 1988. The Court heard argument of respective counsel on April 30, 1990, and has considered the briefs and transcript of record filed in this cause. On August 24, 1990, the Court being fully advised in the premises, handed down its opinion granting enforcement of the Board's Order in part and remanding the case to the Board in part for further proceedings consistent with the Court's opinion. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, Adair Standish Corporation, Standish, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Refusing to bargain with Flint Local 282-C, Graphic Communications International Union, AFL-CIO ("the Union"), or any other labor organization, by, after a union has prevailed in a representation election, making material changes in the existing terms and conditions of employment of its employees without consulting the union.
 
 
 4
 (b) Discriminating against employees for supporting the Union or any other labor organization by transferring equipment in order to diminish the employment opportunities available to such employees and by promulgating more stringent attendance rules.
 
 
 5
 (c) Telling employees that equipment would not be or might not be installed at their plant because of their union activities.
 
 
 6
 (d) Soliciting employees to revoke their authorization cards, and having supervisors personally inform individual employees that they had the revocation forms available.
 
 
 7
 (e) Conducting interviews with employees in preparation for a hearing (1) without informing them that their participation is purely voluntary and that they can refuse to answer any questions, or (ii) in an atmosphere of hostility to the union involved, or (iii) while conducting such interviews, exceeding the legitimate scope of inquiry for such interviews so as to unnecessarily and coercively intrude into the Section 7 activities of employees.
 
 
 8
 (f) In any other manner, coercing, restraining, or interfering with the Section 7 rights of employees.
 
 
 9
 2. Take the following affirmative action designed to effectuate the policies of the Act:
 
 
 10
 (a) If it has not already done so, reinstate Cynthia Johnson and Larry Foster to their former jobs, or, if those jobs no longer exist, to substantially equivalent ones, without prejudice to their rights and privileges, and make them whole in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy." In addition, make whole any employees, including Edward Lachcik, who have suffered losses, including suspension and discharge, stemming from application of the new policy relating to tardiness adopted on or about 13 September 1985.
 
 
 11
 (b) Expunge from its files any reference to the layoffs of Larry Foster and Cynthia Johnson on 25 September 1985, and any references to the disciplinary notices issued to Tim Cummings and Edward Lachcik on 17 September 1985 and to other disciplinary action involving other employees since on or about 13 September 1985 issued pursuant to the new tardiness rule adopted at that time, and notify them all in writing that such expunction has been made, and that such adverse actions will not be used as a basis for future personnel actions against them; and rescind the 13 September 1985 tardiness disciplinary policy and the offer of assistance for the revocation of union authorization cards also announced on or about 13 September 1985, and remove the posted notices of such policies.
 
 
 12
 (c) Notify and consult with the Union, upon request, before making changes in any mandatory subject of bargaining.
 
 
 13
 (d) Preserve, and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary or appropriate to analyze the amounts of backpay due.
 
 
 14
 (e) Post at its place of business in Standish, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being duly signed by Respondent's authorized representative, shall be posted by it for a period of 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to insure that said notices are not altered, defaced, or covered by any other material.
 
 
 15
 (f) Notify the said Regional Director, in writing, within 20 days from the date of the receipt of this Judgment, what steps the Respondent has taken to comply herewith.
 
 
 16
 It is further ORDERED AND ADJUDGED by the Court that the case is remanded to the Board in part for further proceedings consistent with the Court's opinion.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING IN PART AND REMANDING IN PART AN
 
 ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choice
 
 
 22
 To act together for other mutual aid or protection
 
 
 23
 To choose not to engage in any of these protected concerted activities.
 
 
 24
 WE WILL NOT refuse to bargain with Flint Local 282-C, Graphic Communications International Union, AFL-CIO or any other labor organization, after such a labor organization has prevailed in a representation election, by making material changes in existing terms and conditions of employment of our represented employees without consulting the labor organization as required by law.
 
 
 25
 WE WILL NOT discriminate against employees for supporting the Union or any other labor organization by transferring equipment in order to diminish the employment opportunities available to the employees and by promulgating more stringent attendance rules.
 
 
 26
 WE WILL NOT tell employees that equipment will not be or might not be installed at their plant because of their union activities.
 
 
 27
 WE WILL NOT solicit employees to revoke their authorization cards and WE WILL NOT have supervisors personally inform individual employees that they have revocation forms available.
 
 
 28
 WE WILL NOT conduct interviews with employees in preparation for a hearing (i) without informing them that their participation in the interview is purely voluntary and that they can refuse to answer any questions, or (ii) in an atmosphere of hostility to the Union involved, or (iii) while conducting such interviews, exceed the legitimate scope of inquiry for such interviews so as to unnecessarily and coercively intrude into the Section 7 activities of employees.
 
 
 29
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 30
 WE WILL, if we have not already done so, offer Cynthia Johnson and Larry Foster immediate reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent ones, without prejudice to their seniority or any other rights and privileges previously enjoyed, and WE WILL make them whole for any loss of earnings and other benefits resulting from their unlawful layoffs, less any interim earnings, plus interest. In addition, WE WILL make whole any employees including Edward Lachcik and Tim Cummings who have suffered losses stemming from application of the new policy relating to tardiness adopted about September 13, 1985.
 
 
 31
 WE WILL remove from our files any reference to the layoffs of Larry Foster and Cynthia Johnson on September 25, 1985, the September 17, 1985 disciplinary notice issued to Tim Cummings, and the September 17 suspension of Edward Lachcik and any reference to other disciplinary action involving other employees since about September 13, 1985, issued pursuant to the new tardiness rule adopted at that time, and notify them all in writing that such expunction has been made, and that such adverse actions will not be used against them in any way.
 
 
 32
 WE WILL rescind the September 13, 1985 tardiness disciplinary policy and the offer of assistance for the revocation of union authorization cards also announced about September 13, 1985, and remove the posted notice of such policies.
 
 
 33
 WE WILL notify and, on request, consult with the Union before making changes in any mandatory subject of bargaining.
 
 ADAIR STANDISH CORPORATION
 
 34
 /s/ (Employer)
 
 
 35
 Dated _______________ By _____________________________________________________
 
 
 36
 (Representative) (Title)
 
 
 37
 This is an official notice and must not be defaced by anyone.
 
 
 38
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3244.